UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. SCHMIDT ET AL., | No. CV 12-2762 CRB |
| Plaintiffs, | |
| v. | **ORDER** |
| JP MORGAN CHASE BANK, N.A. ET AL., | |
| Defendants. | |

Plaintiffs James M. Schmidt and Robert M. Schmidt sued Defendants JP Morgan Chase Bank, N.A. and California Reconveyance Company ("CRC") in this Court on May 30, 2012, alleging subject matter jurisdiction based on the diversity of the citizenship of the parties. (Dkt. 1) Diversity jurisdiction requires (1) a controversy involving a sum greater than $75,000 and (2) complete diversity among all plaintiffs and all defendants. See 28 U.S.C. § 1332(a)(1). Neither party has challenged this Court's subject matter jurisdiction, but district courts have "a duty to establish subject matter jurisdiction . . . *sua sponte*, whether the parties raise[] the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); see also Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003).

Federal courts are courts of limited jurisdiction granted by Article III of the United States Constitution. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994). It is generally presumed that a court lacks subject matter jurisdiction in civil matters, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. The question here is whether complete diversity among the parties exists.

A person is a citizen of the state in which he or she is domiciled. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). If a person is residing in a state with the intention of remaining there, that state is the person's domicile. Id. Plaintiffs claim to live in California. Compl. ¶ 3. Thus, they appear to be citizens of California.

A corporation is a citizen of every state where it is incorporated as well as the state where it has its "principal place of business." 28 U.S.C. § 1332(c)(1). Here, Plaintiffs' complaint alleges that CRC "is organized and existing under the laws of Delaware." Compl. ¶ 2, suggesting Delaware citizenship. Plaintiffs make no mention in their complaint of CRC's principal place of business or any additional states of incorporation.

However, Plaintiffs attached to their complaint a Deed of Trust that lists CRC as "a California Corp." Compl. at 8; see also Ex. A to Defs.' Req. for Judicial Notice (dkt. 25), at 2 (same Deed of Trust). If CRC is indeed incorporated under the laws of California–or as its name suggests, has as its principal place of business the state of California–complete diversity among the parties is lacking.

Accordingly, Plaintiffs are ordered to submit a brief of no more than five (5) pages to this Court by **Tuesday, September 18 at 5:00 p.m.** stating clearly the basis for federal

//
//
//
//
//
//
//

2

subject matter jurisdiction. Defendants are ordered to respond in a brief of no more than five (5) pages by **Tuesday, September 25 at 5:00 p.m.**

    **IT IS SO ORDERED**.

Dated: September 4, 2012

                                CHARLES R. BREYER
                                United States District Judge